UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:09-CR-18 |
| V. | ) | |
| | ) | (PHILLIPS/SHIRLEY) |
| DAVID A. POWELL, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 19, 2011, for a scheduled pretrial conference and motion hearing on the Defendant's Motion to Continue [Doc. 13]. Assistant United States Attorney Tracy Stone was present representing the Government. Attorney Patrick Looper was present representing the Defendant, who was also present.

In his motion, the Defendant asserts that a trial continuance is necessary in this case for the purpose of allowing the Defendant to continue negotiations with the Government. At the hearing, Mr. Looper reiterated that a trial continuance was necessary in order to allow the Defendant to continue negotiations with the Government which could potentially resolve this case. Mr. Looper stated that the Defendant was cooperating with the Government. In addition, the Government advised the Court that Mr. Looper had recently been alerted to a potential ethical conflict. In this regard, Mr. Looper informed the Court that he was in the process of seeking guidance regarding the

1

potential conflict from the Board of Professional Responsibility. While Mr. Looper indicated that he did not believe a conflict exists in his representation of the Defendant, Mr. Looper stated that he needed additional time to seek an opinion from the Board of Professional Responsibility regarding the potential existence of a conflict.

Defense counsel stated that he had discussed the need for a trial continuance with the Defendant, and that the Defendant wanted the trial to be continued. The Defendant himself stated that he wanted the trial to be continued, and did not object to continuing the trial to September. In addition, the Defendant stated that he understood that he would remain under the same conditions of pretrial release until the new trial date of September 6, 2011.

The Court finds the Defendant's motion to continue the trial to be well-taken and finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that the Defendant needs time to resolve an ethical issue with counsel and that the denial of a continuance could potentially deny the Defendant the continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv). Proceeding with the scheduled June 1, 2011 trial date without resolving Mr. Looper's potential conflict would result in a miscarriage of justice if it was later determined that a conflict existed during defense counsel's representation of the Defendant. See 18 U.S.C. § 3161(h)(7)(B)(I)

In sum, the Court finds that the ends of justice demand a continuance of the Defendant's June 1, 2011 trial date. See 18 U.S.C. § 3161(h)(7)(A) & (B)(I). Accordingly, the Defendant's Motion to Continue **[Doc. 13]** is **GRANTED**. The trial of this matter is reset to **September 6, 2011, at 9:00 a.m.,** before the Honorable Thomas W. Phillips, United States District Judge. The Court also finds, and the parties agree, that all the time between the **May 19, 2011** hearing and the new trial date of

**September 6, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to other scheduling in this case, the Court **ORDERS** that all motions *in limine* must be filed by **August 22, 2011**, and any special requests for jury instructions must be submitted to the District Court by **August 26, 2011**. Special requests for jury instructions must be supported by citations of authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue [**Doc. 13**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **September 6, 2011**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All the time between the **May 19, 2011** hearing and the new trial date of **September 6, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) All motions *in limine* must be filed no later than **August 22, 2011**; and

(5) Special requests for jury instructions must be accompanied by appropriate citations to authority and must be submitted to the District Court no later than **August 26, 2011**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge